Per Curiam.

The defendant was convicted, after a trial, of the offense of vagrancy (Code Grim. Pro., § 887, subd. 7 — impersonating a female). The statute provides that one is a vagrant “ who * * * [has] his face painted, discolored, covered or concealed, or being otherwise disguised, in a manner calculated to prevent his being identified ”.
At trial the officer testified that, while patrolling a subway station platform at 4:00 a.m., he observed three people engaged in a loud conversation. The officer testified that after he passed the group, “ the defendant turned around and over the right shoulder winked at me with his eye and again turned around and continued walking away from me ”. The officer spoke *863 briefly to the defendant and when asked whether he was a boy or girl, the defendant replied ‘ ‘ I am a girl ’ \ The testimony further indicated that the defendant was wearing a white evening dress, high heel shoes, blonde wig, female undergarments, and facial makeup.
The defendant admittedly appeared in a public subway station dressed in female attire and concealed his true gender. In doing so, the defendant was in violation of subdivision 7 of section 887 which forbids a disguise “ in a manner calculated to conceal his being identified ”.
It is not true, as the defendant contends, that in order to sustain a conviction under this section, the People must establish that the defendant was a vagrant without visible means of support; that element need not be proven within the purview of subdivision 7 of section 887. The element which the defendant seeks to incorporate was essential to a conviction under subdivision 1 of section 887. The latter section was recently declared unconstitutional by the Court of Appeals as an overreaching of proper limitations of the police power (Fenster v. Leary, 20 N Y 2d 309), but that determination did not affect the viability of subdivision 7 of section 887.
Section 105 of chapter 681 of the Laws of 1967, which chapter repealed section 887 as of September 1, 1967, provided that the newly enacted sections were not to apply or govern the prosecution for any offense committed prior to the effective date of the act. Disguises and masquerade parties were- formerly covered by sections 710 and 711 of the Penal Law and are still regulated by section 240.35. While the afore-mentioned sections are inapplicable in the present case, it is clear that the new Penal Law has incorporated and continued the essence of subdivision 7 of section 887 and has not eliminated all rules concerning masquerading.
An additional element which defendant seeks to introduce into this section is that the People must prove a specific intention of employing the disguise to commit some illegal act. The defendant cites People v. Luechini (75 Misc. 614 [1912], County Court, Erie County) in support of its contention that the statute requires such proof. The unequivocal wording of the statute does not require a showing of criminal intent, nor is it to be employed therein.
The defendant’s argument is not novel. In People v. Gillespi (App. Term, 1st Dept., March 1964, No. 350, affd. 15 N Y 2d 529) and People v. Johnson (App. Term, 1st Dept., March, 1964, No. 351, affd. 15 N Y 2d 529), the precise contentions were raised and were rejected by the Court of Appeals. In those very same *864 cases, it was also argued that subdivision 7 of section 887 was unconstitutional by reason of the vagueness, indefiniteness, and uncertainty of its wording and that it was an unreasonable and arbitrary exercise of police power. The contentions were rejected in each case. In People v. Miller (App. Term, 1st Dept., Nov. 1964, No. 394) and in People v. Hirshhorn (App. Term, 1st Dept., May, 1966, No. 187) virtually the same issues were raised and rejected by this court while affirming the convictions.
Finally, reliance upon Fenster v. Leary (supra) is misplaced since that case dealt with status and not with the act involved. Subdivision 7 of section 887 punishes the act of disguising oneself in public and was obviously not directed at the state of “ feeling compelled ” to do so.
Judgment of conviction affirmed.